■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT WILSON, Appellant.— Appeal from a judgment of the County Court, Queens County, rendered on January 21, 1957, convicting appellant, upon his plea of guilty, of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a term of not less than 2 years, 6 months, nor more than 10 years, to be served concurrently with a sentence of not less than 2 years, 6 months, nor more than 5 years, imposed upon appellant on October 1, 1954, by the County Court, Nassau County. Judgment reversed on the law and the facts and indictment dismissed in conformity with the provisions of section 668 of the Code of Criminal Procedure, without prejudice to the right of the respondent to proceed as permitted in section 673 of the code, if so advised. In our opinion, appellant's motion to dismiss the indictment, made before pleading thereto, should have been granted. On that motion respondent failed to sustain its burden of showing "good cause", as required by section 668 of the code, for the 21-month delay which ensued between the filing of the indictment on January 7, 1955 and appellant's arraignment for pleading for the first time on October 10, 1956 (*People* v. *Prosser,* 309 N. Y. 353). Appellant's imprisonment under the Nassau County conviction throughout that period of time, during which no attempt was made to bring him to trial on the Queens County indictment, did not obliterate his right to a speedy trial (*People* v. *Chirieleison,* 3 A D 2d 767, affd. 3 N Y 2d 170). The record fails to show that "awareness" of the particulars of the Queens County indictment was brought home to appellant earlier than October 10, 1956, so as to put him on notice, prior to that date, that prosecution for

the crimes alleged therein was being kept alive and that a trial would eventually be held thereon (cf. *People* v. *Godwin*, 2 A D 2d 846, affd. 2 N Y 2d 891; *People* v. *Brandfon*, 4 A D 2d 679). In addition, the record fails to show that appellant ever affirmatively waived his right to a speedy trial (cf. *People* v. *Sadler*, 4 A D 2d 963). To the contrary, appellant's counsel first moved to dismiss the indictment before pleading thereto or participating in any of the subsequent proceedings which eventuated in the final disposition of the indictment by appellant's plea of guilty to a lesser crime than those charged. The District Attorney's brief, with commendable candor, concedes that appellant's plea of guilty, under the circumstances of this case, did not constitute a waiver of his right to a speedy trial (*People* v. *Chirieleison*, 3 N Y 2d 170, 173–174, *supra*). Accordingly, it may not be said that appellant acquiesced in the delay or failed to raise the point in seasonable time (see *People* v. *White*, 2 N Y 2d 220, 223–224). Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.